**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-6534**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANILO MONTOYA,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville. Margaret B. Seymour, District Judge. (CR-99-98; CA-05-759)

---

Submitted: September 27, 2005      Decided: September 30, 2005

---

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Danilo Montoya, Appellant Pro Se. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Danilo Montoya seeks to appeal the district court's order denying relief on his motion filed under Fed. R. Civ. P. 60(b). The district court found that Montoya's motion actually sought relief under 28 U.S.C. § 2255 (2000) and dismissed the action because he failed to first obtain authorization from this Court to file a successive § 2255 motion. See 28 U.S.C. § 2244(a). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Montoya has not made the requisite showing. Because Montoya's Rule 60(b) motion did not assert a defect in the original collateral review process itself, but rather argued the merits of his § 2255 motion based on new case law, reasonable jurists would not find debatable or wrong the district court's characterization of the Rule 60(b) motion as a successive § 2255 motion under our decision in United States v.

Winestock, 340 F.3d 200, 207 (4th Cir. 2003).  Accordingly, we deny a certificate of appealability and dismiss the appeal.

To the extent that Montoya's notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. Winestock, 340 F.3d at 208.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED